# In The United States Court of Federal Claims

No.  09-152L

(Filed:  December 21, 2010)
_____

CAROLINA PLATING WORKS, INC.,
Individually for Itself and As Representatives
of a Class of Similarly Situated Persons,

                         Plaintiffs,

           v.

THE UNITED STATES,

                         Defendant.

_____

**ORDER**
_____

On December 17, 2010, the parties filed an amended joint proposed settlement, stipulations, and motion to amend the scheduling order.  Accordingly, the court hereby adopts the following stipulations:

1.     A compensable taking of land occurred for the following plaintiffs, who owned land on the date of the taking, October 12, 2005, abutting those parts of the 11.8-mile railroad line in Greenville County, South Carolina, wherein the original railroad acquired an easement as identified in paragraph 2 below:

        a.      CAROLINA PLATING WORKS, INC.;

        b.      BRUNELL BLANTON;

        c.      BLEACHERY ROAD WAREHOUSE, LLC;

        d.      LEONARD L. BROWN, JR.;

        e.      D. BARRY COLEMAN;

        f.      G & L PROPERTIES, A SOUTH CAROLINA GENERAL
                PARTNERSHIP;

        g.      GAINO LAND & SEA;

      h.      JUDITH KEASLER and MARTHA WOODRUFF;

      i.      KEVIN D. LOFTIS;

      j.      GORDON E. MANN;

      k.      LEONARD R. and CARROL S. McDOWELL, husband and wife;

      l.      LARRY A. McKINNEY;

      m.      JIMMY D. MILLS and TERRY W. TILLEY;

      n.      MONROE and NORA SHERIFF, husband and wife.

2.      The following conveyances to the original railroad conveyed an easement to the railroad:

      a.      All land obtained as prescriptive easements, as identified on maps obtained from the National Archives and Records Administration, specifically the following value section map and parcel numbers (and as further referenced in Attachment A, attached hereto); V1/1-16; V1/2-4; V1/2-6; V1/3-15; and V1/3-16;

      b.      All land obtained through the following private deeds, identified by book and page number and the name of the grantor: 9/44 (also appearing on Attachment A as map/parcel number V1/1-13) and SSS/269 (Finley) (also appearing on Attachment A as map/parcel number V1/1-14).

3.      Class Counsel and the United States have accepted the following map that Axxion, a professional firm experienced in creating such maps in right-of-way litigation, provided which depicts the location of plaintiffs' parcels in relation to the parcels conveyed to the original railroad. *See* Attachment A, attached hereto.

In their proposed settlement, filed on December 17, 2010, the parties requested that the court amend their schedule to adopt a proposed settlement process. The parties' request is hereby **GRANTED**. Accordingly, the schedule for the determination of just compensation is as follows:

1.      On or before January 7, 2011, parties will exchange a list of an equal number of (but no more than three) qualified MAI appraisers. Discussion of any of the proposed MAI appraisers, other than the selected joint appraiser, shall not preclude them from being called as experts, if the parties proceed to a valuation trial;

2.      On or before January 21, 2011, parties will select a joint appraiser;

  a. If no appraiser can be selected, on or before January 28, 2011, the parties will notify the court that they wish to proceed to a valuation trial and propose a schedule, as appropriate;  and

  b. The cost of the joint appraiser will be covered by the United States.

3. On or before February 1, 2011, the parties will establish a schedule for the provision of the draft appraisal report, the parties' review of the draft report, and a final report, which is to be completed within 6 weeks.  On or before February 2, 2011, the parties shall file the schedule so established with the court;

4. Within 30 days of completion of the appraisal report, the parties will notify each other whether they accept or reject the final appraisal report submitted by the joint appraiser; and

  a. It is within the sole discretion of either party to reject the appraiser's final appraisal;

  b. If either party rejects the final appraisal report, within one week, the parties will notify the court that they wish to proceed to a valuation trial and propose a schedule, as appropriate;

  c. If the case proceeds to a valuation trial, the joint appraiser shall not be used as an expert, and any work product or communications with the joint appraiser will be inadmissible as evidence;

5. The following interest rates shall apply to the just compensation amount the parties agree upon:

  a. For 2005, an interest rate of 4.425 percent will apply;

  b. For 2006, an interest rate of 5.265 percent will apply;

  c. For 2007, an interest rate of 5.045 percent will apply;

  d. For 2008, an interest rate of 3.73 percent will apply;

  e. For 2009, an interest rate of 2.89 percent will apply; and

  f. For future years, the interest rate will be calculated as the mid-point between Moody's AAA annual corporate bond rate and the federal finds one-year constant maturity rate.

If the parties accept the joint appraiser's final report, statutory attorneys' fee award will be determined according to the following proposed schedule:

1.	Within 14 days after agreeing to the final appraisal, plaintiffs shall submit to defendant the hourly rates, time, and expenses incurred by class counsel relating to this case;

2.	Within 21 days after receiving plaintiffs' fees and expenses, defendant will provide plaintiff with its objections, if any;

3.	Within 14 days of receipt of defendant's objections, the parties will attempt to resolve any objections; and

4.	If objections cannot be resolved within 14 days, plaintiffs will file a motion for statutory attorneys' fees.

Within 14 days of the resolution of just compensation calculations and attorneys' fees, the parties shall file a joint status report requesting a fairness hearing with a proposed a schedule.

**IT IS SO ORDERED.**


s/Francis M. Allegra
Francis M. Allegra
Judge

# ATTACHMENT A



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010

Trail length: 11.8 Miles

**LEGEND**
- CLAIMANT PARCEL
- VAL PARCELS
- MAJOR ROAD
- MINOR ROAD

0  100 200    400    600 Feet

Axxion Administration, LLC - (888) 6AXXION

Page 4 of 22



**Carolina Plating v. DOJ**
**Greenville County, South Carolina**
**July 1, 2010**

Trail length:11.8 Miles

Claim No: 21
Name:  GROOME
Parcel No: 0161000100107

LEGEND
- CLAIMANT PARCEL
- VAL PARCELS
- MAJOR ROAD
- MINOR ROAD

0  100 200   400    600
Feet

Axxion Administration, LLC  -  (888) 6AXXION

Page 5 of 22

- 4 -



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010

- 6 -



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010



**Carolina Plating v. DOJ**
**Greenville County, South Carolina**
**July 1, 2010**

- 8 -





Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010

- 14 -



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010

- 17 -



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010



Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010











Carolina Plating v. DOJ
Greenville County, South Carolina
July 1, 2010

- 22 -