# In The United States Court of Federal Claims

No. 09-152L

(Filed:  December 21, 2012)
_____

CAROLINA PLATING WORKS, INC., and
BENSON J. and ROSA LEE L. WALDROP,
husband and wife, Individually, For
Themselves and As Representatives of a Class
of Similarly Situated Persons, et al.,

                Plaintiffs,

v.

THE UNITED STATES,

                Defendant.

_____

**ORDER**
_____

Pending before the court, in this class action, is the parties' Joint Motion for Approval of Notice to Class Members and Request to Set Date for Public Hearing.  The parties assert that, under RCFC 23(e), the court should preliminarily approve the parties' proposed settlement agreement.  For the reasons that follow, the court **GRANTS** the motion.

Plaintiff Carolina Plating Works, Inc. filed its initial class action complaint on March 11, 2009, and plaintiffs named above filed amended class action complaints on June 15, 2009, and June 1, 2010, respectively.  Plaintiffs alleged that the Surface Transportation Board's issuance of a Notice of Interim Trial Use interfered with property interests recognized under South Carolina law and, therefore, constituted a taking of private property for public use pursuant to the Fifth Amendment to the United States Constitution.  On October 28, 2009, the court certified the following class:

> All persons who own an interest in lands constituting part of the railroad corridor or right-of-way that is locally known as the Swamp Rabbit Trial and on which a rail line was formerly operated by the South Carolina Central Railroad Company, Inc. (SCCRC) in Greenville County, South Carolina and who claim a taking of their rights to possession, control, and enjoyment of such lands due to the operation of the railbanking provisions of the National Trails System Act (NTSA), 16 U.S.C. § 1247(d).  The segment of the subject right-of-way at issue is

described as located between milepost 0.0 in Greenville, South Carolina to milepost 11.8 in Travelers Rest, South Carolina.  This segment was also the subject of a Notice of Interim Trail Use issued on October 12, 2005, by the Surface Transportation Board pursuant to the NTSA and its implementing regulations.  Excluded from this Class are the owners of land that abut segments of the subject right-of-way that the railroad acquired in fee simple; railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt in to separate lawsuits against the United States for compensation for the same interests in land; and persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed.

Class Certification Order, *Carolina Plating Works, Inc. v. United States*, No. 09-152L (Fed. Cl. Oct. 28, 2009).  In an October 28, 2009 order, the court set the class notification deadline for December 11, 2009, with an opt-in deadline of March 11, 2010.  By the latter date, 71 class opt-in forms were returned.  On June 9, 2011, the court granted plaintiffs' motion to dismiss without prejudice certain plaintiffs' claims, which reduced the number of plaintiffs remaining in the case. Following discovery, the parties, on June 15, 2012, filed a joint status report indicating that they were amenable to settling the case.  Settlement discussions progressed over the next six months. On December 7, 2012, the parties jointly moved the court to approve preliminarily their settlement agreement.

The settlement agreement calls for the United States to pay $148,627.47, including interest, to be divided among the 14 plaintiffs pursuant to their interests in the underlying parcels of land at issue.  In addition, under the settlement agreement, the United States will pay $375,000.00 for attorney fees and litigation expenses pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c).  Amounts payable to individual class members will be based on the square footage of each class member's parcel(s) of land.

Pursuant to RCFC 23(e), "[t]he claims, issues or defenses of a certified class may be settled . . . only with the court's approval," requiring a "finding that it is fair, reasonable, and adequate."  RCFC 23(e), (e)(2); *see also Berkley v. United States*, 59 Fed. Cl. 675, 681 (2004). Judicial review of a proposed class action settlement "involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted."  *Nat'l Rural Telecomms. Coop. v. DirectTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).[1]  In the first stage of this process, "counsel submit the proposed terms of [the] settlement and the judge makes a preliminary fairness evaluation."  Manual for Complex Litigation, § 21.632 (4th ed. 2004); *see also Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001).

---

[1]  *See also Bobbit v. Acad. of Court Reporting, Inc.*, No. 07-10742, 2009 WL 2168833, at *1 (E.D. Mich. July 22, 2009); *Jones v. Commerce Bancorp, Inc.*, No. 05-5600, 2007 WL 2085357, at *2 (D.N.J. July 16, 2007).

This evaluation generally is "made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties." Manual for Complex Litigation, at § 21.632; *see also In re Elec. Data Sys. Corp. "ERISA" Litig.*, Nos. 6:03-MD-1512, 6:03-CV-126, 2005 WL 1875545, at *4 (E.D. Tex. June 30, 2005). Although non-binding, the preliminary approval establishes "an initial presumption of fairness." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995), *cert. denied*, 516 U.S. 824 (1995); *Chun Hoon v. McKee Foods Corp.*, No. 05-0620, 2009 WL 3349549, at *2 (N.D. Cal. Oct. 15, 2009).

In deciding whether a settlement falls within the range of approval, courts have considered a variety of factors, among them: (i) whether the settlement agreement appears to be the product of serious, informed, non-collusive negotiations; (ii) whether it improperly grants preferential treatment to class representatives or other members of the class; (iii) whether counsel are experienced and have been adequately informed of the facts via discovery; and (iv) whether the agreement otherwise has obvious deficiencies.[2] In conducting this evaluation, it is neither for the court to reach any ultimate conclusions regarding the merits of the dispute, nor to second guess the settlement terms. *See Officers for Justice v. Civ. Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983) ("the proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators"); *Armstrong v. Bd. of Sch. Dirs. of Milwaukee*, 616 F.2d 305, 314-15 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

The record supports a preliminary finding that the proposed settlement is fair. The settlement is the result of extensive, arms-length negotiations between counsel experienced in class action litigation. It was reached only after plaintiffs: (i) had sufficient discovery to determine that the benefits of the settlement outweighed the cost of continued litigation; and (ii) engaged an appraiser who appraised the value of the property interests allegedly taken. And the parties have demonstrated that the payouts to individual class members will be calculated in a uniform fashion, suggesting, at this point, that no class member has received preferential treatment. Finally, there are no other deficiencies apparent in the settlement agreement. For these reasons, the court finds that the settlement agreement satisfies the preliminary fairness requirements.

---

[2] *See Smith v. Prof'l Billing & Mgmt. Servs., Inc.*, No. 06-4453, 2007 WL 4191749, at *1 (D.N.J. Nov. 21, 2007); *In re Stock Exchs. Options Trading Antitrust Litig.*, No. 99-0962, 2005 WL 1635158, at *5 (S.D.N.Y. July 8, 2005); *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 430 (E.D. Tex. 2002); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 177 F.R.D. 54, 68 (D. Mass 1997); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 176 F.R.D. 158, 184 (E.D. Pa. 1997); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997); *see also* Manual for Complex Litigation, at §21.632; 4 Newberg on Class Actions § 11.25 (4th ed. 2002).

The court will set forth the class notification schedule and the date of the fairness hearing in a separate order.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge